COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES
                                             OPINION BY
v.    Record No. 0964-98-4        JUDGE ROSEMARIE ANNUNZIATA
                                          MARCH 30, 1999
D.N. AND S.N.


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  M. Langhorne Keith, Judge

         Darrell D. Jackson, Assistant County
         Attorney (David P. Bobzien, County Attorney;
         Robert Lyndon Howell, Deputy County
         Attorney; Dennis R. Bates, Senior Assistant
         County Attorney, on brief), for appellant.

         (Peter D. Greenspun; Thomas Peter Mann;
         Peter D. Greenspun & Associates, on brief),
         for appellees.


     In this appeal, the Fairfax County Department of Family

Services ("appellant") contends the circuit court erred by

prohibiting it from introducing evidence of physical abuse at a

trial de novo to determine whether A.N. was an "abused or

neglected child" as defined by Code § 16.1-228(1).  We agree and

reverse.

     The facts relevant to our review follow.  On October 4,

1996, Child Protective Services received a confidential referral

indicating that A.N., a fifteen-year-old girl, received several

bruises as a result of disciplining by her father, S.N.  Later

that day, Christy Rogers, an investigator, interviewed A.N. She observed several bruises on A.N.'s left wrist and left leg. The child stated that her father inflicted the bruises with a racket after she refused to go to a family event. Ms. Rogers also interviewed D.N., the child's mother, who verified that S.N. struck the child with a racket. During a subsequent interview with Rogers on October 31, 1996, A.N. disclosed that her father had digitally penetrated her vagina on two occasions.

On November 8, 1996, the juvenile and domestic relations district court ("juvenile court") issued a petition alleging that A.N. was an abused child pursuant to Code § 16.1-241(A)(1) and entered a Preliminary Protective Order. At a hearing on the merits, A.N. testified regarding the alleged incidents of sexual abuse committed by her father. The juvenile court found A.N. to be an "abused or neglected child" within the meaning of Code § 16.1-228(4), which defines "abused or neglected child" as any child "[w]hose parents or other person responsible for his [sic] care commits or allows to be committed any sexual act upon a child in violation of the law . . . ." S.N. subsequently appealed the juvenile court's decision to the Circuit Court of Fairfax County.

At the commencement of proceedings in the circuit court, appellant moved for a continuance on the ground that A.N. was not present to testify. The court denied appellant's motion.

-

Without A.N.'s testimony regarding her father's alleged sexual abuse, appellant proposed to prove A.N.'s status as an "abused or neglected child" as defined by Code § 16.1-228(1). Under this subparagraph, an "abused or neglected child" is any child:

> [w]hose parents or other person responsible for his [sic] care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates substantial risk of death, disfigurement or impairment of bodily or mental functions . . . .

The circuit court found as a matter of law that appellant could not proceed under a subparagraph of Code § 16.1-228 that had not been previously considered in the juvenile court and limited the presentation of evidence to that which related to whether A.N. was an "abused or neglected child" under Code § 16.1-228(4), the subparagraph on which the juvenile court based its finding.

Appellant's counsel noted his objection to the court's ruling, stating that he was prepared to present evidence of physical abuse and to proceed under Code § 16.1-228(1). The court granted S.N. and D.N.'s motion to dismiss the case, entering its order on the same day. Appellant subsequently appealed to this Court, naming both parents as appellees.

We find the trial court erred by limiting appellant's presentation of the evidence and we reverse.[1]

---

[1]Appellees contend the issue on appeal is procedurally barred pursuant to Rule 5A:18 on the ground that appellant failed to object to the circuit court's dismissal and that appellant

Code § 16.1-241(A)(1) grants the juvenile court jurisdiction in cases involving the custody, visitation, support, control, or disposition of an allegedly abused or neglected child. Code § 16.1-228 sets forth five definitions of an "abused or neglected child." These definitions include any child "[w]hose parent[] . . . inflicts . . . a physical or mental injury by other than accidental means," Code § 16.1-228(1), and any child "[w]hose parent[] . . . commits . . . any sexual act upon a child . . . ." Code § 16.1-228(4).

A party may appeal from any final order or judgment of the juvenile court that affects a party's rights. Code § 16.1-296(A). Upon appeal from the juvenile court, the circuit court's jurisdiction is derivative. See Addison v. Salyer, 185 Va. 644, 651, 40 S.E.2d 260, 264 (1946) ("The general rule is that jurisdiction of the circuit . . . courts to try cases appealed from a decision of a trial justice is derivative . . . -- that is, the jurisdiction of the appellate court in such matters is the same as that of the court in which the action was

failed to "articulate why the case should not have been dismissed or proffer what the testimony of the complaining witness would have been." Appellees' contention is without merit. The subject of this appeal is not the trial court's dismissal of the petition. Rather, the issue on appeal is the propriety of the circuit court's ruling limiting the scope of its de novo trial to issues raised under the subparagraph that constituted the basis of the juvenile court's ruling. Therefore, whether appellant registered an objection to the dismissal of his case is not dispositive. Furthermore, it is evident in the record that appellant properly preserved the issue raised on appeal.

-

originally instituted."). "In all cases on appeal [from the juvenile court], the circuit court in the disposition of such cases shall have all the powers and authority granted [to the juvenile court] . . . ." Code § 16.1-296(I). See Peyton v. French, 207 Va. 73, 79, 147 S.E.2d 739, 743 (1966).

In addition, an appeal from the juvenile court must be heard de novo by the circuit court. Code § 16.1-136. "'A de novo hearing means a trial anew, with the burden of proof remaining upon the party with whom it rested in the juvenile court.'" Parish v. Spaulding, 20 Va. App. 130, 132, 455 S.E.2d 728, 729 (1995) (quoting Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986)). A trial de novo in the circuit court "annuls the judgment of the [juvenile court] as completely as if there had been no previous trial . . . and . . . grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court." Walker v. Dept. of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982) (citations omitted), quoted in Parish, 20 Va. App. at 132, 455 S.E.2d at 729. "'A court which hears a case de novo, which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.'" Addison, 185 Va. at 650, 40 S.E.2d at 263 (quoting Gemmell, Inc. v. Svea

-

Fire and Life Insurance, 166 Va. 95, 98, 184 S.E. 457, 458 (1936)).

It follows from these principles that, at a trial de novo in the circuit court, the parties are not restricted to the evidence presented before the juvenile court.  The circuit court must consider all relevant evidence, even if such evidence had not been considered by the juvenile court.  See Parish, 20 Va. App. at 132-33, 455 S.E.2d at 729-30 (holding that the circuit court erred by refusing to consider evidence of events occurring after the juvenile court's hearing and by failing to consider all relevant information available at the time of trial).

Here, appellant invoked the jurisdiction of the juvenile court by filing a petition alleging that A.N. was an "abused or neglected child" under Code § 16.1-241(A)(1).[2]  This provision provides the jurisdictional basis for the adjudication of cases by the juvenile court and it contains within its sweep any child who is alleged to be abused, as defined elsewhere in the Code. The juvenile court thus had the power to find that A.N. was an "abused or neglected child" under any of this term's five statutory definitions.  See Code § 16.1-228(1-5).  Because the

_____

[2]Code § 16.1-241(A)(1) gives the juvenile court exclusive original jurisdiction over all cases involving:

> The custody, visitation, support, control, or disposition of a child . . . [w]ho is alleged to be abused, neglected, in need of services, in need of supervision, a status offender, or delinquent . . . .

-

circuit court derived its jurisdiction from the juvenile court and, on appeal, possessed the same "powers and authority" as the juvenile court, we find the circuit court's jurisdiction was identical to that of the juvenile court.  The trial court therefore erred when it limited appellant to presenting evidence which related solely to whether A.N. met the definition of an "abused or neglected child" under Code § 16.1-228(4), the provision upon which the juvenile court had based its finding.

Appellees' reliance on Buck v. City of Danville in support of their position is misplaced.  213 Va. 387, 192 S.E.2d 758 (1972).  Buck addressed issues on appeal in the context of double jeopardy concerns.[3]  The constitutional prohibition of double jeopardy consists of three separate guarantees:  (1) it protects against a second prosecution for the same offense after an acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense.  Turner v. Commonwealth, 221 Va. 513, 529, 273 S.E.2d 36, 46 (1980).  See Va. Const. art. I, § 8.  Appellees contend the juvenile court,

_____

[3]In Buck, the Court held that a defendant who was tried in a court not of record on a warrant charging him with driving under the influence of alcohol, but who was convicted of the lesser-included offense of impaired driving, could not then be convicted in a de novo trial in the corporation court of driving under the influence of alcohol without violating the double jeopardy clause of the Constitution of Virginia.  Id. at 388-89, 192 S.E.2d at 759-60.  The Court held the defendant's conviction of a lesser-included offense acquitted him of the driving under the influence charge.  Id.

-

by finding A.N. was an abused child under Code 16.1-228(4),
"ruled out" a finding of abuse under any other subparagraph and,
therefore, the circuit court properly refused to consider
evidence pertaining to those subparagraphs.

The constitutional protections appellees invoke, however,
are not applicable.  The record fails to support appellees'
contention the juvenile court "ruled out" or "acquitted"
appellees of the allegation that their daughter was an "abused
or neglected child" under the first subparagraph of Code
§ 16.1-228, or even considered the issue.  On the contrary, the
only evidence of abuse before the juvenile court was A.N.'s
testimony of her father's sexual abuse.  Thus, the
constitutional prohibition against a second prosecution for the
same offense after an acquittal affords appellees no relief.

Based on the foregoing, we reverse the circuit court's
dismissal of appellant's petition and remand this case to the
circuit court for a trial <u>de</u> <u>novo</u>, consistent with this
decision, if the appellant be so advised.

<u>Reversed and remanded</u>.

-