COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


KARIN STEINMANN
                                      MEMORANDUM OPINION*
v.    Record No. 1117-00-1                  PER CURIAM
                                       NOVEMBER 21, 2000
STEVEN F. BUCK


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     William F. Rutherford, Judge

              (Kristen D. Hofheimer; Charles R. Hofheimer;
              Charles R. Hofheimer, P.C., on brief), for
              appellant.

              (Mary G. Commander, on brief), for appellee.


     Steven F. Buck and Karin Steinmann are the parents of a minor

child.  Upon Buck's motion, the trial judge declined to exercise

further jurisdiction over matters pertaining to custody of the

parties' child and found that the 24th Judicial District Court of

Jefferson Parish in the State of Louisiana is a more appropriate

forum pursuant to Code § 20-130.  Steinmann appeals that decision.

She contends the trial judge erred in:  (1) applying Code § 20-130

to decline jurisdiction because the matter is an appeal from the

Norfolk Juvenile and Domestic Relations District Court ("Norfolk

J&DR Court"), and the Norfolk Circuit Court is the appellate court

for such matters; (2) declining to hear an appeal of right from a

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

decision rendered in the Norfolk J&DR Court; (3) finding the Louisiana court is a more appropriate forum where a final order has been entered in the Norfolk J&DR Court, where both parties and the guardian ad litem agreed to subject matter jurisdiction in the Norfolk J&DR Court, and where the child resides in Louisiana only as a result of the Norfolk J&DR Court's order, which is before the trial court on appeal. Upon review of the record and briefs of the parties, we conclude that Steinmann's appeal is without merit. Accordingly, we summarily affirm the decision of the trial judge. Rule 5A:27.

## BACKGROUND

The parties were married in 1991 and were divorced by decree entered on December 21, 1998 in the 24th Judicial District Court of Jefferson Parish of the State of Louisiana ("Louisiana District Court"). The divorce decree indicated the parties had "verbally worked out" custody and visitation. The record indicates the parties had agreed that Steinmann would have physical custody of the child, with the child residing with her during the school year and visiting Buck during the summer.

While the child was visiting Buck during the summer of 1999, a dispute arose between the parties as to when the child would be returned to Steinmann. Steinmann retrieved the child from Louisiana and returned to Norfolk, where she was temporarily living while her husband was in a military training school. Steinmann's residence was in Germany at that time.

-

In June 1999, a judge of the Louisiana District Court entered an order demanding that Steinmann return the child to Buck. Buck then filed a petition in the Norfolk J&DR Court for the enforcement of the Louisiana District Court order and for custody of the child. The Norfolk J&DR Court determined it had jurisdiction to hear the case pursuant to Code §§ 16.1-241(A)(3), 20-126 and 20-128 based on the following reasons: (1) both parties submitted themselves to the jurisdiction of the court by filing petitions there; (2) both parties, under oath, verbally submitted themselves to the court's jurisdiction; (3) the parents and the child were physically present in Norfolk when Buck filed his petition for custody; (4) Steinmann was personally served with process in Norfolk; (5) both parties submitted themselves to the court's jurisdiction by making general appearances; and (6) the guardian ad litem agreed that it was in the child's best interests to submit the child to the jurisdiction of the court.

The Norfolk J&DR Court awarded primary physical custody of the child to Buck and established a visitation schedule for Steinmann. The child has resided in Louisiana with Buck since August 1999, and Steinmann returned to Germany.

Steinmann appealed the decision to the Norfolk Circuit Court. The guardian ad litem filed a motion to dismiss the appeal based on the circuit court's lack of subject matter jurisdiction or, in the alternative, he requested that the circuit court decline to

-

exercise jurisdiction pursuant to Code § 20-130.  Buck also filed a motion to dismiss.

By order entered on April 19, 2000, the trial judge found that the Norfolk Circuit Court has jurisdiction over this custody action as appealed from the Norfolk J&DR Court because the Norfolk J&DR Court had jurisdiction over the petitions of the parties at the time they were filed.  However, the trial judge also found that neither the parents nor the child are "currently physically present" in Virginia.  Moreover, neither the parents nor the child "have significant contacts" with Virginia.  The trial judge further found the child has been residing continuously in Louisiana with Buck since August 1999, with the exceptions of visits with Steinmann.  The judge concluded that the Louisiana District Court, which has jurisdiction over the location where the child currently resides, "is a more appropriate forum." Considering the best interests of the child, and in accordance with Code § 20-130, the trial judge declined to exercise jurisdiction over the custody action and dismissed the action.  He further directed the clerk of the court to notify the Louisiana District Court of the court's finding.

ANALYSIS

The Norfolk Circuit Court has jurisdiction over this custody case as appealed from the Norfolk J&DR Court.  Code §§ 16.1-136, 16.1-296 and 17.1-513.  However, Code § 20-130 provides, in pertinent part:

-

A. A court which has jurisdiction under [the Uniform Child Custody Jurisdiction Act] to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

\* \* \* \* \* \* \*

C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

1. If another state is or recently was the child's home state;

2. If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state; and

4. If the parties have agreed on another forum which is no less appropriate.

"The paramount consideration for a trial court, even on the determination of the most convenient forum to decide child custody and visitation, is the child's welfare." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990).

In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests. A trial court's determination of matters within its discretion is reversible on appeal only for

-

an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Id. at 328, 387 S.E.2d at 795.  Thus, when "a trial court makes a determination which is adequately supported by the record, the determination must be affirmed."  Id. at 328, 387 S.E.2d at 796. See also Johnson v. Johnson, 26 Va. App. 135, 144, 493 S.E.2d 668, 672 (1997).  Furthermore, in our review of a trial judge's custody decision, we view the evidence in the light most favorable to the prevailing party below.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).

Credible evidence supports the trial judge's decision.  The parties' divorce decree was entered in the Louisiana District Court in 1998.  The decree stated that the parties had "verbally worked out [child] custody and visitation."  On June 23, 1999, after Steinmann removed the child from Buck's possession in Louisiana and in violation of the parties' oral visitation agreement, a judge of the Louisiana District Court entered an order demanding that Steinmann return the child to Buck. Because Steinmann had returned to Norfolk with the child, Buck requested the Norfolk J&DR Court to enforce the Louisiana court order and to award custody of the child to him.  The child has resided in Louisiana with Buck, in a locale within the jurisdiction of the 24th Judicial District Court of Jefferson Parish, since the Norfolk J&DR Court issued its ruling in August

-

1999.  Therefore, the Louisiana court has "a closer connection with the child" and his father, one of the contestants.  <u>See</u> Code § 20-130(C)(2).

Furthermore, neither the parents nor the child currently have any significant contacts with Norfolk, Virginia.  During the proceedings in the Norfolk J&DR Court, Steinmann was only temporarily living in Norfolk while her husband attended a training school.  None of the parties reside in Norfolk.  Moreover, the parties and the guardian <u>ad</u> <u>litem</u> agreed to the jurisdiction in the Norfolk J&DR Court.  Neither Buck nor the guardian <u>ad</u> <u>litem</u> agreed to the jurisdiction of the Norfolk Circuit Court.

Furthermore, the 24th Judicial District Court of Jefferson Parish has jurisdiction over the location where the child currently resides.  Thus, "substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available" in Louisiana.  Code § 20-130(C)(3).

Steinmann contends she has an absolute right to appeal the decision of the Norfolk J&DR Court and that she cannot appeal that court's decision to the Louisiana District Court.  However,

> an appeal from the juvenile court must be
> heard <u>de</u> <u>novo</u> by the circuit court.  Code
> § 16.1-136.  "'A <u>de</u> <u>novo</u> hearing means a
> <u>trial</u> <u>anew</u>, with the burden of proof
> remaining upon the party with whom it rested
> in the juvenile court.'"  A trial <u>de</u> <u>novo</u> in
> the circuit court "annuls the judgment of

-

the [juvenile court] as completely as if there had been no previous trial . . . and . . . grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court."  "'A court which hears a case de novo, which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.'"

Fairfax County Dep't of Family Servs. v. D.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832 (1999) (citations omitted).  Because the Norfolk Circuit Court would conduct a "trial anew," disregarding the judgment of the Norfolk J&DR Court and hearing the evidence anew "as if there had been no previous trial," Steinmann is not prejudiced by having the custody case heard in the Louisiana District Court.

    For these reasons, we hold that the trial judge did not abuse his discretion in finding that the 24th Judicial District Court of Jefferson Parish in the State of Louisiana would be a more convenient forum to hear this custody case and in refusing to exercise further jurisdiction in this matter.  We therefore affirm the trial judge's decision.

                                                  Affirmed.