COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


MY THI NGUYEN
                                              MEMORANDUM OPINION[*]
v.       Record No. 0938-04-4                      PER CURIAM
                                               SEPTEMBER 28, 2004
FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          M. Langhorne Keith, Judge

            (Matthew W. Greene; Smith & Greene, P.L.L.C., on briefs), for
            appellant.

            (David P. Bobzien, County Attorney; Peter D. Andreoli, Deputy
            County Attorney; Dennis R. Bates, Senior Assistant County
            Attorney; Donna R. Banks, Assistant County Attorney, on brief), for
            appellee.

            (Phong T. Nguyen, Guardian *ad litem* for the minor children, on
            brief).


        On March 19, 2004, the trial court entered orders terminating the parental rights of My

Thi Nguyen (appellant) to her minor sons, D.N. and C.N., pursuant to Code §§ 16.1-283(C)(1)

and 16.1-283(C)(2).  On appeal, appellant contends the trial court should have limited its

consideration to whether the facts and circumstances supported a termination of parental rights

pursuant to Code § 16.1-283(B).  Upon reviewing the record and briefs of the parties, we

conclude this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

- 1 -

At an adjudicatory hearing on October 2, 2002, the Fairfax County Juvenile and Domestic Relations District Court (juvenile court) found D.N. and C.N. were abused and neglected as defined by Code § 16.1-228.  Appellant did not appeal this finding to the circuit court, nor did she appear at a subsequent dispositional hearing on the matter on December 10, 2002.

On December 10, 2003, acting upon petitions filed by the Fairfax County Department of Family Services (the Department), the juvenile court terminated appellant's residual parental rights to D.N. and C.N.  The juvenile court found clear and convincing evidence of the facts and circumstances required for termination pursuant to Code § 16.1-283(C)(2).  Appellant appealed the juvenile court's decision to the circuit court.  Following a March 18, 2004 evidentiary hearing, the trial court terminated appellant's parental rights to D.N. and C.N., finding the evidence sufficient to establish the standards and conditions found in both Code §§ 16.1-283(C)(1) and 16.1-283(C)(2).

ANALYSIS

Appellant's sole contention on appeal is that because the juvenile court previously had found D.N. and C.N. were abused and neglected, the Department was limited to seeking termination of appellant's residual parental rights pursuant to Code § 16.1-283(B).[1]  In pertinent part, Code § 16.1-283(B) provides that "[t]he residual parental rights of a parent . . . of a child found by the court to be neglected or abused and placed in foster care . . . may be terminated if

_____

[1] The Department contends appellant failed to preserve this issue for appeal because she did not note a specific objection to the trial court's ruling.  However, appellant raised the issue in a motion to strike at the conclusion of the Department's evidence, and renewed her motion at the conclusion of all the evidence.  Moreover, appellant's attorney endorsed the orders terminating appellant's parental rights as "seen and objected to."  Because the record demonstrates the trial court considered the same argument appellant advances on appeal, the issue was preserved for consideration on appeal.  See Rule 5A:18.

the court finds, based upon clear and convincing evidence, that it is in the best interests of the child" and that other conditions exist. Pursuant to Code § 16.1-283(C), a parent's residual parental rights "of a child placed in foster care . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child" and either

> 1. The parent [has] . . . , without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship[,] . . . or

> 2. The parent . . . , without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. . . .

In Fairfax County Dep't of Family Servs. v. D.N., 29 Va. App. 400, 512 S.E.2d 830 (1999), a juvenile court entered an order finding a child "abused or neglected" within the meaning of Code § 16.1-228(4).[2] On appeal of this decision, the circuit court refused to admit

---

[2] For a child to be "abused or neglected" for purposes of Code § 16.1-228(4), the child's parent, or person responsible for the child, must have committed, or allowed to have been committed, an unlawful sexual act upon the child. See Code § 16.1-228(4). A child is "abused or neglected" pursuant to Code § 16.1-228(1) where his

> parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions, including, but not limited to, a child who is with his parent or other person responsible for his care either (i) during the manufacture or attempted manufacture of a Schedule I or II controlled substance, or (ii) during the unlawful sale of such substance by that child's parents or other person responsible for his care, where such manufacture, or attempted manufacture or unlawful sale would constitute a felony violation of § 18.2-248 . . . .

evidence proving the child was "abused or neglected" as defined by Code § 16.1-228(1). <u>D.N.</u>, 29 Va. App. at 404, 512 S.E.2d at 832. While noting that the circuit court's jurisdiction was derivative upon appeal from the juvenile court, this Court stated:

> [A]n appeal from the juvenile court must be heard *de novo* by the circuit court. "'A *de novo* hearing means a *trial anew,* with the burden of proof remaining upon the party with whom it rested in the juvenile court.'" A trial *de novo* in the circuit court "annuls the judgment of the [juvenile court] as completely as if there had been no previous trial . . . and . . . grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court." "'A court which hears a case *de novo,* which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.'"
>
> It follows from these principles that, at a trial *de novo* in the circuit court, the parties are not restricted to the evidence presented before the juvenile court. The circuit court must consider all relevant evidence, even if such evidence had not been considered by the juvenile court.

<u>Id.</u> at 406, 512 S.E.2d at 832-33 (citations omitted). This Court concluded the trial court erred in refusing to admit evidence proving the child to be abused and neglected under a standard other than the provision upon which the juvenile court had made its finding. <u>Id.</u> at 407, 512 S.E.2d at 833.

Here, the Department invoked the jurisdiction of the juvenile court by filing petitions requesting the termination of appellant's parental rights pursuant to Code § 16.1-283. Upon the appeal from the juvenile court's decision to circuit court, the Department was not limited to the evidence and arguments presented in the juvenile court. In the appeal *de novo*, the Department was entitled to every advantage it would have been due had the case originated in the circuit court. <u>See</u> <u>D.N.</u>, 29 Va. App. at 406, 512 S.E.2d at 832. Thus, the Department was entitled to prove, and the circuit court had the authority to find, that appellant's parental rights should be terminated pursuant to Code § 16.1-283(C).

Accordingly, we find appellant's appeal is without merit, and we summarily affirm the decision.[3]

Affirmed.

---

[3] Appellant does not contend the evidence was insufficient to prove the facts and conditions required by Code §§ 16.1-283(C)(1) or 16.1-283(C)(2), and we do not consider this question.