COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Overton


JOHN HARGROVE

MEMORANDUM OPINION*

v.        Record Nos. 2317-05-1 and                              PER CURIAM
          2318-05-1                                          MARCH 21, 2006

CITY OF HAMPTON
 DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

(M. Woodrow Griffin, Jr., on brief), for appellant.

(Rachel Allen, Assistant City Attorney; Thomas A. Burcher,
Guardian *ad litem* for the minor child; Hawkins, Burcher & Boester,
PC, on brief), for appellee.


John Hargrove, appellant, appeals decisions of the circuit court terminating his residual

parental rights to his daughter and approving an amendment of the foster care plan to authorize

her adoption.  Upon reviewing the record and briefs of the parties, we conclude these appeals are

without merit.  Accordingly, we summarily affirm the decisions of the trial court.  See Rule

5A:27.


BACKGROUND

The daughter was born on December 19, 1993, to appellant and Priscilla Hargrove, who is

deceased.  In 2003, the State of Georgia charged appellant with seven counts of felony sexual abuse

of his daughter.  A jury convicted him of all seven offenses on August 24, 2005.  Appellant received

an active sentence of twenty years.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 11, 2004, the Hampton Department of Social Services removed the daughter from the custody of her maternal aunt because of physical abuse and placed her in a foster home. Initially, the goal of the foster care service plan was to return the daughter to her home or to place her with a relative.

On May 31, 2005, the Department petitioned for termination of appellant's parental rights based upon Code § 16.1-283(E)(iii) and (iv). On July 26, 2005, the juvenile and domestic relations district court terminated appellant's parental rights pursuant to Code § 16.1-283(E)(iv). On appeal of the district court's termination order, the circuit court heard evidence regarding appellant's August 24, 2005 convictions of sexual abuse of his daughter. The circuit court terminated appellant's residual parental rights pursuant to Code § 16.1-283(E)(iii) and approved a change in the foster care service plan to a goal of adoption for the daughter.

DISCUSSION

I.

When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)).

Appellant contends the evidence failed to support a termination pursuant to Code § 16.1-283(E)(iii). Appellant concedes he was convicted of sexually abusing his daughter as set

forth in Code § 16.1-283(E)(iii), but he argues that his convictions could not support a Code § 16.1-283(E)(iii) termination because he had not been convicted of the offenses when the termination petition was filed on May 31, 2005.

The Department invoked the jurisdiction of the district court by filing a petition requesting the termination of appellant's parental rights pursuant to Code § 16.1-283(E)(iii) and (iv). The district court ordered termination pursuant to Code § 16.1-283(E)(iv). It did not base its termination decision upon Code § 16.1-283(E)(iii), which allows termination of a parent's rights to a child where "the parent has been convicted of an offense under the laws of this Commonwealth or a substantially similar law of any other state . . . that constitutes . . . felony sexual assault, if the victim of the offense was a child of the parent . . . ." However, on appeal to the circuit court, the court entered a termination order pursuant to Code § 16.1-283(E)(iii).

In Fairfax County Dep't of Family Servs. v. D.N., 29 Va. App. 400, 512 S.E.2d 830 (1999), the district court entered an order finding a child "abused or neglected" within the meaning of Code § 16.1-228(4). On appeal of that decision, the circuit court refused to admit evidence proving the child was "abused or neglected" as defined by Code § 16.1-228(1), a different subsection of the statute. D.N., 29 Va. App. at 404, 512 S.E.2d at 832. While noting that the circuit court's jurisdiction was derivative upon appeal from the juvenile court, we held as follows:

> [A]n appeal from the juvenile court must be heard *de novo* by the circuit court. Code § 16.1-136. "'A *de novo* hearing means a *trial anew*, with the burden of proof remaining upon the party with whom it rested in the juvenile court.'" Parish v. Spaulding, 20 Va. App. 130, 132, 455 S.E.2d 728, 729 (1995) (quoting Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986)). A trial *de novo* in the circuit court "annuls the judgment of the [juvenile court] as completely as if there had been no previous trial . . . and . . . grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court." Walker v. Dept. of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982) (citations omitted), quoted in

- 3 -

> Parish, 20 Va. App. at 132, 455 S.E.2d at 729. "'A court which hears a case *de novo*, which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.'" Addison [v. Salyer], 185 Va. [644,] 650, 40 S.E.2d [260,] 263 [(1946)] (quoting Gemmell, Inc. v. Svea Fire and Life Insurance, 166 Va. 95, 98, 184 S.E. 457, 458 (1936)).
>
> It follows from these principles that, at a trial *de novo* in the circuit court, the parties are not restricted to the evidence presented before the juvenile court. The circuit court must consider all relevant evidence, even if such evidence had not been considered by the juvenile court.

D.N., 29 Va. App. at 406, 512 S.E.2d at 832-33. Because the circuit court had refused to admit evidence proving the child was abused and neglected under a different subsection of the statute upon which the juvenile court had made its finding, we reversed the judgment. Id. at 407, 512 S.E.2d at 833.

Applying the holding in D.N. to this case, we conclude that the Department was not limited to the evidence and arguments presented in the district court. In the appeal *de novo*, the Department was entitled to every advantage it would have had available to it had the case originated in the circuit court. See D.N., 29 Va. App. at 406, 512 S.E.2d at 832. Thus, the Department was entitled to prove, and the circuit court had the authority to find, that appellant's parental rights should be terminated pursuant to Code § 16.1-283(E)(iii). The record undisputably established that appellant had been convicted of the sexual offenses against his daughter when the circuit court was considering *de novo* the termination petition.

II.

Appellant also contends the circuit court erred in changing the goal of the foster care service plan to adoption. "Our decision to affirm the termination order necessarily subsumes this aspect of his appeal because a preponderance-of-the-evidence standard governs judicial

modifications of foster care plans." <u>Toms v. Hanover Dep't of Soc. Servs.</u>, 46 Va. App. 257, 265 n.3, 616 S.E.2d 765, 769 n.3 (2005).

<u>CONCLUSION</u>

For the foregoing reasons, we hold that appellant's appeals are without merit, and we summarily affirm the decisions.

<u>Affirmed.</u>
