COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


DARRYL STACY HARRIS
                                                        MEMORANDUM OPINION*
v.        Record No. 2538-05-3                              PER CURIAM
                                                          AUGUST 22, 2006
TRACY N. BURD


                    FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                                Michael S. Irvine, Judge

                (Darryl Stacy Harris, *pro se*, on brief).  Appellant submitting on
                brief.

                No brief for appellee.


        Darryl Stacy Harris, father, appeals a decision of the trial court granting custody of the

parties' two children to Tracy N. Burd, mother.  On appeal, father argues the juvenile and domestic

relations district court (JDR court) erred when it failed to provide him notice of a court hearing.  He

also contends the trial court erred by failing to consider his objections and that his due process rights

were violated when his appointed guardian *ad item* failed to appear at the trial court hearing.  We

affirm the decision of the trial court.

                                              Facts

        On May 2, 2005, the JDR court entered orders granting custody of the parties' two minor

children to mother.  Father appealed these decisions to the trial court, which held a hearing on

the matters on July 20, 2005. Mother, the guardian *ad litem* for the children, a representative of

the Rockbridge Area Department of Social Services (DSS), and counsel for DSS were present at

the hearing.  The trial court heard evidence and argument at the hearing.  Father, who was

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incarcerated, did not appear at the hearing.  In addition, father's guardian *ad litem* did not appear at the trial court hearing, and he did not contact the trial court prior to the hearing.

By order entered on September 19, 2005, the trial court awarded custody of the two children to mother.  The trial court's final order is endorsed by father's guardian *ad litem* as: "Seen and _____."  In an order entered on December 14, 2005 addressing the written statement of facts, the trial court stated, "Neither [father] nor his attorney objected to entry of the final order entered in this case."  On July 25, 2005, appellant filed objections in the trial court.  However, the objections addressed proceedings in the JDR court and father's correspondence with various guardians *ad litem* in the case.  The document contained no objections to the rulings of the trial court.

Analysis

"As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal."  Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, aff'd on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).  "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals."  Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citing Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 780 (1977)).

The final order was endorsed "Seen," and the record contains no other objections to the final trial court order.  "[A] party's failure to object to a final order by merely endorsing it as 'Seen,' without more, is not sufficient to preserve that party's right to appeal."  Id.  In addition, the written statement of facts contains no arguments or objections concerning the trial court proceedings.  Therefore, the record does not show that father argued to the trial court, as he does on appeal, that the trial court erred by failing to consider father's objections addressing the JDR court

proceedings, which were raised in father's July 25, 2005 filing.  In addition, the record fails to show

father argued to the trial court that his due process rights were denied when his guardian *ad litem*

failed to appear for the July 20, 2005 trial court hearing.  Accordingly, these arguments are barred

by Rule 5A:18 because they were not raised in the trial court, providing us no ruling to review on

appeal.

> Although Rule 5A:18 allows exceptions for good cause or
> to meet the ends of justice, appellant does not argue that we should
> invoke these exceptions.  See e.g., Redman v. Commonwealth, 25
> Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail
> oneself of the exception, a *defendant must affirmatively show* that a
> miscarriage of justice has occurred, not that a miscarriage might
> have occurred." (emphasis added)).  We will not consider, *sua
> sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Father also argues the JDR court erred by failing to provide him with notice of the April

3, 2005 hearing and that the subsequent JDR court decision was void.  First, we note that the

record shows the JDR court awarded mother temporary custody on April 3, 2005 and ordered a

review of the case when father, who was incarcerated at the time, or his guardian *ad litem* could

appear.  On April 11, 2005, father received by personal service notice of the May 2, 2005

custody hearing in the JDR court.  On May 2, 2005, the JDR court held the custody hearing at

which father's guardian *ad litem* appeared.  Therefore, father received notice of the final JDR

court custody hearing and the JDR court decision was not void.

Moreover, when father appealed the JDR court decision to the circuit court, the case was

heard *de novo*.  "[A]n appeal from the juvenile court must be heard *de novo* by the circuit court."

Fairfax County Dep't of Family Servs. v. D.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832

(1999) (citations omitted).  "[A]n appeal to the circuit court from a court not of record under

Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been

no previous trial."  Walker v. Dep't of Pub. Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982)

(citing <u>Gaskill v. Commonwealth</u>, 206 Va. 486, 144 S.E.2d 293 (1965)). "'A court which hears a case *de novo* . . . acts not as a court of appeals but as one exercising original jurisdiction.'" <u>Addison v. Salyer</u>, 185 Va. 644, 649, 40 S.E.2d 260, 263 (1946) (quoting <u>Gemmell, Inc. v. Svea Fire, etc., Ins. Co.</u>, 166 Va. 95, 98, 184 S.E. 457, 458 (1936)). "Such an appeal transfers the entire record to the circuit court for retrial *as though the case had been originally brought there*." <u>Mahoney v. Mahoney</u>, 34 Va. App. 63, 66, 537 S.E.2d 626, 628 (2000) (*en banc*) (emphasis in original).

Because the case was heard *de novo* in the trial court, the decision of the JDR court was annulled and any issues concerning the notice provided by the JDR court were moot.

Father has filed in this Court objections to the trial court's December 14, 2005 order concerning the written statement of facts. However, father did not make these objections to the trial court. Therefore, pursuant to Rule 5A:18, we will not consider the objections. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

We grant father's motion to vacate the appointment by the JDR court of father's guardian *ad litem* and to waive the appointment of a new guardian *ad litem* for father in the case.

We affirm the decision of the trial court.

Affirmed.