455 S.E.2d 728

**Keith Douglas PARISH**

v.

**Mary Beth SPAULDING.**

**Record No. 0877–94–4.**

Court of Appeals of Virginia,
Alexandria.

April 4, 1995.

Raymond B. Benzinger, Arlington (Mary M. Jolma, Law Office of Raymond B. Benzinger, P.C., on brief), for appellant.

No brief or argument for appellee.

Present: BARROW,* KOONTZ and FITZPATRICK, JJ.

FITZPATRICK, Judge.

Keith Douglas Parish (father) appeals the circuit court's decision to exclude evidence of events occurring after the juvenile and domestic relations court final hearing and the trial *de novo* in the circuit court. We reverse because the circuit court was required to consider all relevant evidence arising prior to the trial *de novo*.[1]

On October 28, 1992, the juvenile and domestic relations court entered the original custody order, which granted father and Mary Beth Spaulding (mother) joint custody with shared physical custody of the parties' two children. Father filed a motion seeking sole custody in April 1993, and mother requested a modification of visitation in September 1993. Father amended his change of custody motion in October 1993. After several hearings on all pending motions, on January 12, 1994, the juvenile and domestic relations court entered a final order awarding father sole custody due to a material change in circumstances and modified the visitation arrangements.

Mother appealed the juvenile court order to the circuit court, which held a trial *de novo* on March 28 and 29, 1994. Father offered testimony about mother's new household,

---

* Judge Barrow participated in the hearing and decision of this case prior to his death on March 28, 1995.

1. We do not reach the other five issues raised by husband because they are mooted by the remand.

which included her new husband, and a home study report updated following the last juvenile court hearing on December 15, 1993. The judge first limited the evidence to those events which occurred prior to the filing of the original motion in April 1993 and later allowed evidence through the date of the last juvenile court hearing. The judge ruled as follows:

> We're proceeding on an appeal from the [juvenile and domestic relations] district court, and this is a trial de novo, so the court only wants to hear evidence in reference to those motions that were filed and not get into a range of a lot of additional matters....
>
> ....
>
> I'm not going to hear evidence of what may have occurred in January or February and early March of '94.

"[T]he circuit court must conduct a *de novo* hearing in custody cases on appeal from the juvenile courts." *Peple v. Peple*, 5 Va.App. 414, 419, 364 S.E.2d 232, 236 (1988) (citing Code § 16.1–136). "A *de novo* hearing means a *trial anew*, with the burden of proof remaining upon the party with whom it rested in the juvenile court." *Box v. Talley*, 1 Va.App. 289, 292, 338 S.E.2d 349, 351 (1986) (emphasis added). " '[A]n appeal to the circuit court ... annuls the judgment of the [juvenile court] as completely as if there had been no previous trial.' " *Cox v. Cox*, 16 Va.App. 146, 148, 428 S.E.2d 515, 516 (1993) (quoting *Walker v. Department of Public Welfare*, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982)). "[B]y statute the 'trial *de novo* in the circuit court grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court.' " *Cox*, 16 Va.App. at 148, 428 S.E.2d at 516 (quoting *Walker*, 223 Va. at 563, 290 S.E.2d at 890).

■ We have held that "[a] custody determination must be based on the child's best interests under the circumstances *prevailing at the time of the decision.*" *Wilson v. Wilson*, 12 Va.App. 1251, 1255, 408 S.E.2d 576, 579 (1991) (emphasis added). This holding applies equally to an initial custody determination as well as to a trial *de novo*. A trial court is

required to consider any relevant evidence developed prior to the hearing date that may impact on the child's best interests.

■ In the instant case, subsequent to the hearings in December 1993, mother remarried and lived in a home with her new husband and the children. Additionally, an updated home study report was available covering the time period after the juvenile and domestic relations court hearing, as was information about the children's current psychological and physical condition which may have influenced the final custody decision if considered. We hold that the circuit court erred in limiting evidence in the trial *de novo* to only events that occurred prior to the juvenile and domestic relations court hearings and in failing to consider all relevant information available at the time of trial.

Accordingly, we reverse and remand for a new hearing. We order that the April 15, 1994 order continue in effect pending the outcome of the hearing.

*Reversed and remanded.*