COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia

SHARONE DENI BOISSEAU
                                           MEMORANDUM OPINION[*]
v.   Record No. 2407-95-2                     PER CURIAM
                                           OCTOBER 22, 1996
JAMES MAURICE SCOTT

            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    L. A. Harris, Jr., Judge

        Marilynn C. Goss (Central Virginia Legal Aid
        Society, Inc., on brief), for appellant.

        G. Ronald Grubbs, Jr., for appellee.


     Sharone Deni Boisseau appeals the decision of the circuit

court awarding physical custody of the parties' child to James

Maurice Scott.  Appellant raises three questions on appeal:

(1) whether the trial court erred in denying appellant's motion

for a continuance and motion to rehear; (2) whether the trial

court erred in finding that a change of custody was in the best

interests of the child; and (3) whether the trial court erred in

finding appellant's relocation to Williamsburg was sufficient

grounds to change custody.  We conclude that there is sufficient

evidence in the record to support the circuit court's findings

and, accordingly, affirm the decision.

     On April 19, 1995, the Henrico Juvenile and Domestic

Relations District Court awarded appellant custody of the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

parties' son, Che' Mandell Boisseau, and child support payments of $215. The child's father, James Maurice Scott, appealed the decision to the Circuit Court of Henrico County.

At the circuit court hearing on August 28, 1995, appellant appeared pro se and appellee appeared in person and by counsel. Appellant requested a continuance to obtain counsel, explaining that she had only been able to get an appointment with legal aid for the morning of the hearing. The court, after questioning appellant about her efforts to obtain counsel, denied the motion. Appellant proceeded to put on her case, examining three of her own witnesses and cross-examining appellee and his witnesses. Appellant's witnesses testified that appellant had been the primary caretaker of the child and had provided for her son's physical and emotional needs. Appellant testified that she had recently relocated with her parents and son to Williamsburg. Appellant explained that she moved in order to get away from the "verbal abuse" of appellee. Appellee denied verbally abusing appellant, and the parties disagreed as to whether notice had been given to appellee of appellant's relocation.

Appellee put on evidence of his positive and continuous relationship with his son. Appellee also testified that he had regularly and willingly paid $25 a week in support for his son. Appellant asserted that appellee had verbally abused her and occasionally refused to give her funds. It was also established that appellee had fathered two other sons by two different

2

mothers and that appellee had never been married to either mother. Appellee's current wife, with whom appellee has had no children, testified that she would welcome Che' Mandell Boisseau into her home.

The court announced that it would award joint legal custody to the parties and would take under advisement the issue of physical custody. A new hearing date was set for September 18, 1995. At the September 18 hearing appellant again appeared pro se and the appellee appeared in person and by counsel. After questioning appellant about her current place of residence and learning that she still resided in Williamsburg and had taken steps to enroll her son in school there, the court announced its decision, awarding sole physical custody to appellee. The order was entered on September 20, 1995, and on that day, appellant, by counsel, filed a Motion to Stay the Order Transferring Custody and Grant a Rehearing. Appellant's motion was argued October 10, 1995, where both parties were represented by counsel. The circuit court denied the motion.

### Motion for Continuance

"'The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal.'" Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990) (citation omitted). See Autry v. Bryan, 224 Va. 451, 454, 297 S.E.2d 690, 691-92 (1982).

3

The record demonstrates that appellee appealed the district court's order on April 20, 1995. Appellant appeared without counsel at the July 10, 1995 docket call. When the trial date was set, the court urged appellant to retain counsel. On the August 28, 1995 trial date, appellant came to court with three witnesses but requested a continuance to obtain counsel. The appellee was present with counsel and witnesses. The court denied her motion, but granted her substantial latitude in the presentation of her case. Although the trial judge set another hearing date and took under advisement the question of physical custody of the child, appellant failed to obtain counsel for that hearing. Only after the court entered judgment, did appellant obtain counsel, who filed a motion to rehear, alleging that appellant tried to obtain counsel immediately after the July docket call, but the earliest appointment she could get was for the day of trial.

Appellant has not demonstrated that the trial court abused its discretion in denying her motion for a continuance or that she was prejudiced by the denial. The record established that both parties had witnesses present and that appellant had been earlier urged to come to court with counsel. Appellant called witnesses in her own behalf, testified herself, and cross-examined the witnesses called by appellee as well as appellee himself. Therefore, the trial court did not abuse its discretion in denying appellant's request for a continuance.

4

## Best Interests of the Child

"In matters concerning custody and visitation, the welfare and best interests of the child are the `primary, paramount, and controlling considerations.'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).  The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it.  Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

The trial court ruled that the best interests of the child would be served by granting physical custody to appellee.  The evidence demonstrated that appellee and his new wife lived in a three-bedroom home.  Both parents were college-educated and had stable jobs.  Appellee had made arrangements for his child to attend the local school and participate in neighborhood sports activities.  Witnesses testified that appellee was involved with his son and had a good relationship with him.  Appellee's new wife testified that her ten-year-old son currently lived with them and got along well with appellee's son and that she was supportive of appellee's desire to have his son live with them.

Appellant's witnesses testified that she was a good mother who was actively involved with her son's school and regularly took him to church.  Appellant testified that, although she was presently unemployed, in the past five years she had worked

through agencies doing day work, babysitting, and cleaning. Appellant lived with her disabled parents and had done so for a number of years. They lived in an apartment in the Richmond area and had recently moved to another apartment in Williamsburg. The testimony indicated that appellant and her parents had relocated to Williamsburg "because 'she felt like it.'" Appellant testified that the move "was only temporary" and she intended to return "sometime."

The trial court noted that it considered the evidence heard ore tenus as well as the statutory factors set out in Code §§ 20-124.2 and 20-123.3 before determining that it was in the best interests of the child to award physical custody to appellee. Credible evidence supports the finding of the trial court.

### Appellant's Relocation

The trial court questioned why appellant relocated from the Richmond area to the Williamsburg area. Appellant alleged that appellee had subjected her to verbal abuse. Appellant's witnesses indicated that appellant moved merely because she wanted to do so, and appellant herself indicated that the move was only temporary. Appellee denied any verbal abuse and testified that appellant had been less cooperative in facilitating visitation when she learned he was getting married.

The court found that the move to Williamsburg was detrimental to the child's best interests, and continued the

6

matter to allow appellant to return with the child to the Richmond area before ruling on physical custody. At the subsequent hearing, appellant appeared without counsel and indicated that she had enrolled the child in school in Williamsburg.

Credible evidence supports that trial court's determination that appellant's move away from the area where the child had the opportunity to have a substantial relationship with his father was not in the child's best interests. Appellee's home was stable and provided the benefits of a neighborhood setting with additional activities appropriate for children. Moreover, the evidence proved that the appellant was unemployed and did not prove that the "temporary" move to Williamsburg provided any benefit to the child.

Prior to the filing of the custody petition in the juvenile and domestic relations district court, no court order existed determining custody of the child. Thus, appellee was entitled to a de novo hearing in the circuit court upon his appeal from the initial custody determination by the juvenile court. Peple v. Peple, 5 Va. App. 414, 419, 364 S.E.2d 232, 236 (1988). "A de novo hearing means a trial anew, with the burden of proof remaining upon the party with whom it rested in the juvenile court." Parish v. Spaulding, 20 Va. App. 130, 132, 455 S.E.2d 728, 729 (1995) (citations omitted). At the de novo hearing, the primary issue was the best interests of the child. Kogon, 12 Va.

App. at 596, 405 S.E.2d at 442.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>