COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


KEITH D. PARISH

v.   Record No. 0137-96-4

MARY BETH SPAULDING

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 19, 1996


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

(Raymond B. Benzinger; Mary M. Benzinger;
Benzinger & Benzinger, on brief), for
appellant.

No brief for appellee.


Keith D. Parish appeals the decision of the circuit court denying his request to change custody of the parties' children from his former wife, Mary Beth Spaulding.  Parish raises the following questions on appeal:

(1)  Did the trial court abuse its discretion in failing to make the custody award consistent with its findings of fact?

(2)  Did the trial court improperly exclude evidence of a history of family abuse?

(3)  Did the trial court consider the wrong time frame?

(4)  Should the trial court have given more weight to the uncontroverted evidence that Spaulding denied visitation, refused to mediate, relocated twice, and changed the children's schools in violation of standing court orders?

(5)  Did the trial court abuse its discretion

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

in limiting Parish's contact with his children?

(6) Did the trial court fail to determine the best interests of the children including support and maintenance?

(7) Should the district court order be restored upon remand?

Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). See Code § 20-124.3. "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). In considering a petition to change child custody, a trial court applies a two-part test to determine "(1) whether there has been a [material] change of circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

### Abuse of Discretion

After hearing the evidence ore tenus, the trial court made the following findings:

In terms of the factors considered by

2

this court under [Code §] 20-124.3, in determining the best interest of the children involved . . . it should be noted that the court finds in fact, there has [sic] been substantial and material changes in circumstances since the court's order on January 7th, 1994.

The court however does not find that it's in the best interest to change the custody from . . . Spaulding, nor does the court find that it's appropriate to order joint custody or shared custody based on the facts presented before this court.

\* \* \* \* \* \* \*

The evidence is that they have both been loving parents, and the only problem is, as the guardian has pointed out, is they can't get along with one another. If there's been any abuse of these two children, it's been simply that they cannot get along, and this has in essence hurt the two children, and that's clearly indicated by the testimony and the reports of the medical doctors that have been left with me as an exhibit today.

The court later reiterated that "the reason that joint custody will not work, is that these parties do not communicate with one another and have been unable to do that." Thus, the trial court found that a material change of circumstances had occurred, and that it was in the children's best interests for Spaulding to retain primary physical custody, but to eliminate shared custody due to the parents' inability to cooperate.

The trial judge's decision was based upon his assessment of the witnesses' testimony and their credibility, as well as the other evidence presented. The judge also heard the opinion of the guardian ad litem, who was familiar with the parties, the children and their therapist. The record amply supports the

conclusion of the trial court that shared custody was disruptive to the children and that the alternating Thursday transfer from Spaulding to Parish did not promote the children's best interests. As the court's decision was consistent with its factual findings, Parish's contention that the court abused its discretion is not supported.

## Exclusion of Evidence of Abuse by Stepfather

Parish contends that the trial court excluded relevant evidence of a history of abuse by the children's stepfather. However, Parish has failed to identify any proffered evidence which he was unable to introduce. The trial court allowed Parish to present evidence supporting his allegation that the children's new stepfather had a history of abusing his children from a previous marriage. An order from a Madison County, Indiana court limiting the stepfather's visitation with those children was entered into evidence. The stepfather's former wife also testified as to incidents of abuse which occurred in 1986, and father's home study expert testified that she had great concern over the children's welfare based upon past reports of stepfather's possible violence. The expert testified that the children should be removed immediately, but admitted she had never been in the children's home and that a reference to the Department of Social Services for possible abuse was returned as unfounded.

In his brief, Parish also contends that the trial court

4

erred in failing to consider this evidence of abuse. The trial court considered the evidence but found that there was no evidence that the stepfather or Spaulding had abused these children. This factual determination was not clearly erroneous and we find no abuse of discretion in the trial court's weighing of the statutory factors. Therefore, Parish has not demonstrated that the trial court excluded relevant evidence or failed to consider evidence of abuse.

## Time Frame

In a previous appeal, this matter was remanded because the trial court had failed to consider current circumstances in determining the children's best interests. Parish v. Spaulding, 20 Va. App. 130, 455 S.E.2d 728 (1995). At the hearing on remand, the trial court received evidence of current circumstances and based its decision on that evidence. Therefore, Parish's contention that the trial judge considered the wrong time frame is without merit.

## Fault on the Part of Spaulding

Parish contends that the trial court failed to give sufficient weight to Spaulding's violations of standing court orders. The trial court considered the statutory factors set out in Code § 20-124.3, including the respective parties' ability to cooperate, and found that both parties were at fault. Specifically, the trial court noted that "it's clear that both the plaintiff and the defendant have interfered with the right of

5

visitation and right of custody of the other parent on most occasions." Credible evidence supports this conclusion.

The trial court is not required to give more weight to one statutory factor over another. "As long as the trial court examines the factors, it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (citation omitted).

### Limitations on Parish's Contact

The record indicates that the visitation schedule was set prior to the children commencing school. School records presented to the court indicated that the Thursday-Friday transfer from Spaulding to Parish every other week was disruptive to the children's schooling because the children were frequently tardy or absent on Thursdays and Fridays. Parish admitted that he kept the children home from school on Fridays. The school visitor log had numerous entries by Parish on days other than his visitation days, which were for unspecified purposes. Furthermore, Parish himself sought to eliminate that mid-week split in his proposed custody modification.

The trial court found it was in the children's best interests to eliminate the mid-week transfer now that the children were in elementary school. We find no error in the trial court's decision to minimize disruptions in the children's schooling while still allowing Parish full visitation.

6

## Best Interests of the Children

Parish contends the trial court violated Code § 20-124.2(A) when it reserved for later resolution questions of support and related issues. Code § 20-124.2(A) states, in part, "[i]n any case in which custody or visitation of minor children is at issue . . . the court shall provide prompt adjudication, upon due consideration of all the facts, of custody and visitation arrangements, including support and maintenance for the children, prior to other considerations arising in the matter." Parish has neither alleged nor demonstrated undue delay on the part of the trial court. Moreover, the parties agreed at the start of the hearing that the question of support was not before the circuit court, but subsequently, when Spaulding and the guardian ad litem suggested that support be resolved, Parish objected. We find no error in the court's resolution of the custody issue separately from support.

Parish also contends that the trial court's decision was not in the best interests of the children. However, as noted above, the trial court made its decision based upon the evidence after considering the statutory factors and the children's best interests. We find no abuse of the court's discretion or error.

Accordingly, the decision of the circuit court is summarily affirmed. Father's remaining question regarding restoration of the district court order on remand is moot.[1]

---

[1]Spaulding's motion to dismiss, Parish's motion to strike Spaulding's motion, and Parish's motion for sanctions are denied.

Affirmed.