COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


FAITH P. LOFTIN

MEMORANDUM OPINION[*]

v.      Record No. 2509-10-3                                        PER CURIAM
                                                                   APRIL 19, 2011

CITY OF LYNCHBURG DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

(James C. Reeves, III, on brief), for appellant.

(Hope R. Townes; Dion F. Richardson, Guardian *ad litem* for the
minor children; Office of the City Attorney, on brief), for appellee.


Faith P. Loftin appeals the termination of her residual parental rights to her five children,

pursuant to Code § 16.1-283(B) and (E)(iii).  She argues the trial court erred by terminating her

rights on different grounds than did the juvenile and domestic relations district court (the JDR

court), from which she appealed to the circuit court.  She also argues she was not provided

reunification services under Code § 16.1-283(C) and that the evidence was insufficient to support

the termination of her parental rights under Code § 16.1-283(B).  Upon reviewing the record and

briefs of the parties, we conclude this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

When reviewing a decision to terminate parental rights, we presume the circuit court

"'thoroughly weighed all the evidence, considered the statutory requirements, and made its

determination based on the child's best interests.'"  Toms v. Hanover Dep't of Soc. Servs., 46

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting <u>Fields v. Dinwiddie County Dep't of Soc. Servs.</u>, 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "'The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it."'" <u>Id.</u> at 266, 616 S.E.2d at 769 (quoting <u>Fields</u>, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" <u>Id.</u> (quoting <u>Farley v. Farley</u>, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

## I.

Loftin's five children were removed from her care on March 4, 2009. The Lynchburg Department of Social Services (DSS) petitioned the JDR court to terminate Loftin's residual parental rights. By order dated March 10, 2010, the JDR court terminated Loftin's parental rights to all five children pursuant to Code § 16.1-283(C). Additionally, in the case of one of the children, the JDR court also terminated her parental rights pursuant to Code § 16.1-283(B). Thereafter, Loftin appealed the termination orders to the circuit court. The matter was tried at the circuit court on August 11, 2010 and, on October 26, 2010, the circuit court terminated Loftin's parental rights to all five children under both Code § 16.1-283(B) and (E)(iii).

On appeal, Loftin asserts that because the JDR court terminated her parental rights only under Code § 16.1-283(B) and (C), the circuit court could not terminate her parental right under any other provisions. She reasons such action violated her due process rights "by not informing her of what grounds on which the DSS intend[ed] to proceed prior to the hearing so that she c[ould] prepare a rebuttal to the alternative grounds offered [at the] circuit court hearing without any prior notice."

> [A]n appeal from the juvenile court must be heard *de novo* by the circuit court. Code § 16.1-136. "'A *de novo* hearing means a *trial anew,* with the burden of proof remaining upon the party with whom it rested in the juvenile court.'" <u>Parish v. Spaulding,</u>

20 Va. App. 130, 132, 455 S.E.2d 728, 729 (1995) (quoting Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986)). A trial *de novo* in the circuit court "annuls the judgment of the [juvenile court] as completely as if there had been no previous trial . . . and . . . grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court." Walker v. Dept. of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982) (citations omitted), quoted in Parish, 20 Va. App. at 132, 455 S.E.2d at 729. "'A court which hears a case *de novo,* which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.'" Addison [v. Sayler], 185 Va. [644,] 650, 40 S.E.2d [260,] 263 [(1946)] (quoting Gemmell, Inc. v. Svea Fire and Life Insurance, 166 Va. 95, 98, 184 S.E. 457, 458 (1936)).

Fairfax County v. D.N. and S.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832-33 (1999).

The original petitions for termination filed in the JDR court sought to terminate Loftin's parental rights "as provided by Section 16.1-283 of the 1950 Code of VA as amended." By citing Code § 16.1-283 generally, the petitions provided Loftin with notice that her parental rights could be terminated under any subsection of that provision. Loftin's action of appealing the JDR court terminations to the circuit court annulled the previous judgments and provided the parties with the opportunity to present new evidence and proceed with the case as if there had been no previous trial. Therefore, the circuit court was in no way limited in its options by any actions of the JDR court. Accordingly, we find no error with the circuit court's actions.

Loftin also notes that the JDR court mistakenly terminated the rights of one of her children under Code § 16.1-283(B), finding that child had been injured as a result of Loftin's abuse. In fact, the abused child was one of Loftin's other children. She asserts, for the first time on appeal, that the error further "deprive[d] [her] of her right to notice of the grounds under which DSS [was] proceeding to terminate her residual parental rights to her five children and thus 'due process.'"

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Loftin failed to present this argument to the trial court. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal. The requirements of Rule 5A:18 apply equally to constitutional claims. Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

## II.

Loftin argues DSS "failed in its duty to provide reunification services to [her] prior to pursuing termination of her residual parental rights" as required under the provision of Code § 16.1-283(C).

The circuit court terminated Loftin's parental rights under Code § 16.1-283(B) and (E)(iii). As noted above, Loftin's appeal of the JDR court orders to the circuit court nullified the earlier ruling of the JDR court. Accordingly, we need not address this issue.

## III.

Loftin also challenges the termination of her residual parental rights under Code § 16.1-283(B). She also appears to challenge the sufficiency of the evidence supporting the termination of her residual parental rights pursuant to Code § 16.1-283(E)(iii).

Regarding her challenge to the termination of her parental rights under Code § 16.1-283(B), she argues only that she was entitled to "rehabilitative and restoration services" as

her "level of criminal fault was slight in providing care which in hind sight proved to be insufficient" to her child that had been abused. She further contends that the mere fact that she was incarcerated did not provide DSS with a reason not to offer restorative services.

Code § 16.1-283(B) provides in its pertinent part that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care as a result of court commitment may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

> Proof of any of the following shall constitute prima facie evidence of the conditions set forth in subdivision B 2 hereof:

> a. The parent or parents are suffering from a mental or emotional illness or mental deficiency of such severity that there is no reasonable expectation that such parent will be able to undertake responsibility for the care needed by the child in accordance with his age and stage of development; or

> b. The parent or parents have habitually abused or are addicted to intoxicating liquors, narcotics or other dangerous drugs to the extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment which could have improved the capacity for adequate parental functioning; or

> c. The parent or parents, without good cause, have not responded to or followed through with appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child.

- 5 -

"Code § 16.1-283(B) requires only that the circuit court consider whether rehabilitation services, if any, have been provided to a parent. Nothing in Code § 16.1-283 or the larger statutory scheme requires that such services be provided in all cases as a prerequisite to termination under subsection B." Toms, 46 Va. App. at 268, 616 S.E.2d at 771.

Based upon the circumstances of the case and the evidence of Loftin's serious mental illness, her incarceration, and her conviction under Code § 18.2-371.1 for child abuse or neglect causing serious injury to her child, the trial court determined that DSS presented clear and convincing evidence it was not reasonably likely that the conditions which resulted in the neglect or abuse of the child could be substantially corrected or eliminated. Termination pursuant to Code § 16.1-283(B) requires only that the trial court consider whether any rehabilitative services were provided to Loftin. There was no requirement that DSS provide rehabilitative services to her. The record established the trial court considered the fact that DSS did not provide rehabilitative services to Loftin, but nonetheless concluded the evidence supported the termination of Loftin's residual parental rights.

Here, the record contains credible evidence to support the trial court's decision to terminate Loftin's residual parental rights to her children, and to support a finding that the DSS proved by clear and convincing evidence the requirements necessary for termination under Code § 16.1-283(B)(2).

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

The trial court concluded it was in the children's best interests to terminate Loftin's parental rights. The record supports the court's determination.

IV.

To the extent Loftin contends the trial court erred in terminating her residual parental rights pursuant to Code § 16.1-283(E)(iii), we note we need not reach this issue because we concluded that the trial court's decision terminating Loftin's parental rights was warranted under Code § 16.1-283(B)(2).

When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds. See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

Accordingly, we summarily affirm the decision terminating Loftin's parental rights. See Rule 5A:27.

Affirmed.